The Buckeye Cereal Company v. Commissioner.
Buckeye Cereal Co. v. Commissioner
Docket No. 112589.
United States Tax Court
1943 Tax Ct. Memo LEXIS 209; 2 T.C.M. (CCH) 426; T.C.M. (RIA) 43328; July 5, 1943
*209 Albert B. Arbaugh, Esq., 1200 Harter Bank Bldg., Canton, O., for the petitioner. Lawrence R. Bloomenthal, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: 1. The Commissioner determined deficiencies of $6,869.81 in 1939 income tax and $426.91 in 1940 income tax and $3,134.92 in 1939 declared value excess profits tax. The petitioner assails the inclusion in income of cancelled interest, and the disallowance of deductions claimed for interest on debentures. The case was submitted on a stipulation of facts, and findings are therefore unnecessary. The petitioner has filed no brief. [The Facts] The petitioner's income tax returns were filed in the 18th District of Ohio, at Cleveland. Its accounts and returns were on an accrual basis. Of $150,500 of 6% ten-year notes due January 1, 1943, $148,000 were held by the majority shareholder. Interest on these $148,000 of notes was accrued by the corporation on its books and the amounts annually deducted on the tax returns. The noteholder used a cash basis, and in her returns included in her income only the amounts of interest which she actually received. In 1939, the corporation proposed to issue newly-created *210 "debenture preference shares" and offered them to the noteholders in exchange for the notes, "and as a condition attached to such offer, the holders of said notes were required to waive all unpaid interest due" upon the notes exchanged. Accepting this offer and the condition that the corporation "should be released from any further obligation to pay the unpaid accrued interest of $31,080.00 upon said notes," the aforesaid noteholder exchanged the $148,000 of notes for 1,480 debenture preference shares. The $31,080 was the amount of unpaid accumulated accrued interest for 1936, 1937, 1938 and 1939, due the aforesaid noteholder. The cancellation of this interest indebtedness was held by the Commissioner to be a realization of income by the corporation in 1939, and this holding is assailed by the taxpayer. [Opinion] Upon these stipulated facts, categorically showing that the accrued interest was waived and that the corporation was released from the obligation to pay it, we must hold, in view of , that the amount of cancelled interest was a gift, and that the Commissioner incorrectly included it in the *211 corporation's income. This determination is reversed. There should be no confusion between the accrued interest, which was cancelled and is alone the subject of this adjustment by the Commissioner, and the principal of the notes, which were exchanged for debenture shares. The accrued interest was cancelled and the gift of cancellation is not effected by the fact that the notes, irrespective of accrued interest, were exchanged for debentures. 2. In 1940, the corporation paid $2,960 on the newly created debenture preference shares, and deducted this as interest on its return. The Commissioner held that the amount was not interest but dividends on capital stock and therefore not an allowable deduction. Without restating the stipulated terms of the debentures, we find it clear beyond debate that the preference shares were not obligations carrying interest but were expressly created to take the place of the more onerous indebtedness represented by the 1943 notes, and that the term "interest" used by the corporation as applied to the distributions to the debenture shareholders was a misnomer and cannot support the deduction claimed. The Commissioner's disallowance was correct and is sustained. *212 Decision will be entered under Rule 50.